## Drake v. Oswego Falls Corp.

*Lionel B. Gumnit*, for plaintiff.

*John Paul Erwin* and *Thomas E. Comber, Jr.*, for defendant.

HAGAN, P. J., April 24, 1958.—Plaintiff commenced this action by filing a complaint in assumpsit against Oswego Falls Corporation, claiming as a third party beneficiary under a contract between Oswego and Paul B. Shearer Company. Oswego then joined Shearer as an additional defendant under a contract of indemnity.

Thereafter, plaintiff filed a petition for leave to amend the form of action from assumpsit to trespass,

without in any way changing any of the averments of fact contained in the complaint. By an opinion dated January 29, 1958, we granted plaintiff leave to so amend, pointing out that since the facts pleaded remained the same, it was only the *form* of action and not the *cause* of action which was being changed.

Subsequent to our opinion of January 29, 1958, two rules were filed. One was a rule filed by Shearer, the additional defendant, to show cause why defendant's complaint against the additional defendant should not be stricken as improperly joining a claim sounding in assumpsit with a claim sounding in trespass. The other was a rule filed by Oswego, the defendant, to show cause why our order dated January 29, 1958, granting plaintiff leave to amend the form of action from assumpsit to trespass should not be stricken off. Oswego's position with respect to its rule is that should the court grant Shearer's rule, thereby eliminating Shearer from the case, Oswego would then have been prejudiced by reason of our prior order permitting plaintiff to amend the form of action from assumpsit to trespass.

It is clear from the foregoing that we must first decide the petition for rule filed by Shearer, for if we make that rule absolute, thereby eliminating Shearer from the case, there would be merit to Oswego's contention that it had been prejudiced by our original order. If, on the other hand, we should discharge Shearer's rule, thereby retaining Shearer as a party, Oswego would not have been prejudiced in any way by our original order and Oswego's rule should also be discharged.

With respect to Shearer's contention that Oswego's claim against Shearer sounds in assumpsit and is improperly joined with plaintiff's claim against Oswego, which allegedly sounds in trespass, we must be governed by Pa. R. C. P. 2252(*a*), which provides:

"In any action the defendant or any additional defendant may file as of course a praecipe for a writ to join as an additional defendant any person not a party to the action who may be . . . liable over to him *on the cause of action declared upon* . . . ." (Italics supplied.)

As we have already pointed out, and as was specifically stated in our previous opinion dated January 29, 1958, the "cause of action declared upon" by plaintiff is the same in the amended complaint as it was in the original complaint; only the form of action has been changed. Accordingly, if there is any validity to Shearer's contention of improper joinder of causes of action, the contention would have been just as valid at the time Shearer was originally joined as an additional defendant. Having failed to raise the defense of improper joinder of causes of action by preliminary objections at the time it was originally joined as an additional defendant, Shearer has waived the right to raise the point. See Pa. R. C. P. 1032.

Having decided that Shearer's rule to strike Oswego's complaint against Shearer should be discharged, it becomes clear that no prejudice has resulted to Oswego by reason of our original order permitting plaintiff to amend the form of action. Accordingly, Oswego's rule to strike off our order of January 29, 1958, must also be discharged.

For the foregoing reasons we make the following

*Order*

1. The rule of Paul B. Shearer Company, additional defendant, to show cause why defendant's complaint against the additional defendant should not be stricken is hereby discharged.

2. The rule of defendant, Oswego Falls Corporation, to show cause why the order of this court dated January 29, 1958, should not be stricken off is hereby discharged.